Olen DAGGS *v.* BOONEVILLE SCHOOL
DISTRICT NO. 65

73-305                                    508 S.W. 2d 46

Opinion delivered April 22, 1974

*Dale W. Finley,* for appellant.

*C. Richard Lippard,* for appellee.

LYLE BROWN, Justice. Appellant Olen Daggs held a one-year contract of employment with appellee. The contract went into effect July 1, 1971. He was discharged September 30, 1971. Appellant sued for the balance of his salary under the contract and a jury denied him recovery. For reversal appellant alleges one error, namely, the court erred in permitting testimony concerning appellant's alleged misconduct occurring prior to the contract sued upon.

Appellant was employed as the auto mechanic for the school district. "His duties were to keep the buses in good repair, assist and cooperate with the drivers and co-workers, report and correct various troubles, and to have a good working relationship with his co-workers." One of appellant's co-workers was Tom Brown. On September 27, 1971, Tom Brown reported to the superintendent he was going to quit because of a run-in with appellant. Superintendent Underwood called appellant into the office. Underwood testified that in the four and one-half years just passed, there had been five employees working with appellant and all of them quit, each complaining about appellant's attitude toward them. About the conference on September 27, the superintendent testified: "I told Mr. Daggs that we had a problem, and that he would have to stop doing and saying things and get along with the people I hired. He would have to quit making cutting remarks to other employees. He said he could get a better job before the sun went down. I told him that he couldn't continue working for the school unless he stopped these things and Mr. Daggs then stated that he didn't care whether he worked for the school or not. . . . . I then told him he was dismissed."

Over the objection of appellant, the superintendent was permitted to relate the problems between appellant and the five former employees heretofore mentioned. Since those experiences occurred prior to the work contract beginning July 1, 1971, appellant contends they were inadmissible. Appellant insists the contract dated July 1 was entered into with full knowledge of all events of the past and therefore the purported misconduct was waived.

We think appellant's argument is without merit. According to appellee School District, appellant was stubborn and high tempered. The jury was entitled to know of those past experiences because it would shed light on appellant's run-in with Tom Brown on September 27. Principally, the past encounters tended to show that the experience of September 27 was not an isolated event but one which was typical of appellant's behavior. Appellant did not ask that the jury be instructed that appellant could not be discharged for events occurring prior to July 1, 1971.

Affirmed.